Filing # 28562447 E-Filed 06/16/2015 04:23:28 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

Kablelink Communications, LLC,

    Plaintiff,

vs.

CASE NO.:
DIVISION:

Southern-Owners Insurance Company,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Kablelink Communications, LLC ("Kablelink"), by and through its undersigned counsel, hereby sues Defendant, Southern-Owners Insurance Company ("Southern-Owners"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Kablelink is a Florida limited liability company headquartered in Florida.

2. Southern-Owners is a Michigan corporation and is an admitted and registered insurance company in Florida.

3. This Court has jurisdiction over the Southern-Owners in this action pursuant to Fla. Stat. § 48.193(a) and (b), in that, among other things, Southern-Owners has conducted substantial, and not isolated business activities in the State of Florida, has contracted to insure a person, property, or risk located in the State of Florida, and has breached a contract in the State of Florida by failing to perform acts required by the contract to be performed in Florida.

4. Venue is appropriate in this county pursuant to Fla. Stat. § 47.051, in that, among other things, Southern-Owners has an office to transact business and has one or more agents or

representatives in this county.

5. All conditions precedent to bringing the causes of action alleged herein have occurred, been satisfied, or been waived.

## BACKGROUND FACTS

6. Kablelink is a provider of cable installation and repair services in Florida.

7. Kablelink regularly contracts with and utilizes independent contractor technicians to perform certain cable installation and repair services for Kablelink's customers, which services often involve performing work at a customer's residence.

8. At all times relevant hereto, Sayniel Guilarte ("Mr. Guilarte"), was an independent contractor technician for Kablelink.

9. Mr. Guilarte maintained a commercial general liability insurance policy ("Policy") with Southern-Owners. The Policy named Kablelink as an additional insured. A copy of the Policy is not within Kablelink's possession, custody, or control. However, Southern-Owners is in possession or control of the Policy, and Kablelink expects to obtain a copy of the Policy through discovery.

10. On August 18, 2013, Mr. Guilarte performed certain in-home cable installation services for one of Kablelink's customers (the "Customer"), and then allegedly committed a tort at the premises.

11. On May 14, 2014, Kablelink received a demand letter from an attorney representing the Customer, alleging that Kablelink was negligent, and offering a pre-suit settlement (the "Demand Letter").

12. Kablelink promptly notified Southern-Owners of the claim being made against it by the Customer.

13. On August 27, 2014, Southern-Owners sent a reservation of rights letter to Kablelink. In the letter, Southern-Owners admitted that it had a duty to defend Kablelink as an additional insured under Mr. Guilarte's Policy.

14. Kablelink and Customer agreed to an October 30, 2014 mediation conference and notified the claims representative for Southern-Owners, who agreed to attend on behalf of Kablelink. Prior to the mediation, counsel for Kablelink prepared and shared a settlement analysis and recommended range of settlement with Southern-Owners. Southern-Owners' claim representative failed to attend the October 30, 2014 mediation conference.

15. As a result of Southern-Owners' abandonment of Kablelink, Kablelink was forced to defend itself at the mediation.

16. At the mediation conference, the Customer made a time limited settlement offer to Kablelink. After receiving the settlement offer, Kablelink wrote to Southern-Owners, noting Southern-Owners' failure to defend Kablelink at the mediation conference, advising Southern-Owners that Kablelink intended to accept the Customer's settlement offer, and asking Southern-Owners to pay the settlement. Southern-Owners refused.

17. The Customer's final settlement demand was within the settlement range that defense counsel and Southern-Owners discussed prior to the mediation.

18. Kablelink thereafter accepted the Customer's settlement offer and paid the Customer the settlement amount.

19. Southern-Owners has since refused to reimburse Kablelink for the cost of the settlement or otherwise provide any defense or indemnification to Kablelink, as required by the Policy.

20. Kablelink is entitled to an award of its attorneys' fees and costs incurred in

connection with the causes of action alleged herein pursuant to Fla. Stat. § 627.428.

21.   Kablelink has retained the undersigned lawyers to represent it in this action, and has agreed to pay its attorneys' fees and costs for services rendered in connection herewith

## COUNT I
## BREACH OF CONTRACT

22.   Kablelink re-alleges and incorporates the allegations contained in paragraphs 1 through 21 above.

23.   This is an action against Southern-Owners for breach of the Policy in which the amount in controversy exceeds $15,000.00, exclusive of interest, costs and attorneys' fees.

24.   Kablelink was specifically named as an additional insured under the Policy.

25.   Kablelink promptly notified Southern-Owners of a claim being made against it for which the Policy provided coverage.

26.   After being notified of the claim, Southern-Owners agreed that it had a duty to defend and/or indemnify Kablelink as an additional insured under the Policy.

27.   Southern-Owners has breached its duties to Kablelink under the Policy by, among other things, failing to defend Kablelink during the pre-lawsuit mediation conference between Kablelink and the Customer, failing to insure Kablelink for its defense costs, and thereafter failing to indemnify Kablelink for the amount of money Kablelink paid to settle the claim made against it by the Customer.

28.   Kablelink has been damaged as a direct result of Southern-Owners' breach of the Policy.

WHEREFORE, Kablelink Communications, LLC, demands judgment against Southern-Owners Insurance Company for all costs incurred by Kablelink Communications, LLC, in connection with its defense of the claim made by the Customer against it, together with interest,

attorneys' fees, and costs, and for any other relief the Court deems appropriate under the circumstances.

## COUNT II
## PROMISSORY ESTOPPEL

29.    Kablelink re-alleges and incorporates the allegations contained in paragraphs 1 through 21 above.

30.    This is an action for promissory estoppel in which the amount in controversy exceeds $15,000.00 exclusive of interest, costs, and attorneys' fees.

31.    Southern-Owners made a written representation to Kablelink that Southern-Owners would defend Kablelink as an additional insured under the Policy for claims made against Kablelink by the Customer.

32.    Kablelink relied on Southern-Owners' representation to its detriment by, among other things, attending the pre-lawsuit mediation conference and accepting the claimant's time sensitive demand with the expectation that Southern-Owners would indemnify Kablelink for its defense costs and a settlement payment that was within what Kablelink and Southern-Owners discussed as a reasonable settlement range prior to the mediation.

33.    Southern-Owners changed its position with respect to its written representation that it would defend Kablelink by subsequently abandoning Kablelink at the pre-lawsuit mediation conference, and failing to indemnify Kablelink for the money Kablelink paid to the Customer to settle the Customer's claim.

34.    Southern-Owners reasonably should have expected Kablelink to rely on Southern-Owners' representation and to induce Kablelink's participation in the pre-lawsuit mediation conference and settlement of the claim.

35.    Even in the absence of express coverage for the claim, injustice can only be

avoided by enforcement of the representation against the Southern-Owners.

WHEREFORE, Kablelink Communications, LLC, demands judgment against Southern-Owners Insurance Company for all costs incurred by Kablelink Communications, LLC, in connection with its defense of the claim made by Customer against it, together with interest, attorneys' fees, and costs, and for any other relief the Court deems appropriate under the circumstances

## DEMAND FOR JURY TRIAL

Kablelink demands a jury trial on all counts so triable.

Dated this 16th day of June, 2015.

                                                  **SMITH, GAMBRELL & RUSSELL, LLP**

                                                  */s/ Jonathon D. Pressley*
                                                  Alan Wachs
                                                  Florida Bar No. 980160
                                                  Email: awachs@sgrlaw.com
                                                  Jonathon D. Pressley
                                                  Florida Bar No. 84579
                                                  Email: jpressley@sgrlaw.com
                                                  SMITH, GAMBRELL & RUSSELL, LLP
                                                  50 N. Laura St., Ste. 2600
                                                  Jacksonville, FL 32202
                                                  Phone: 904-598-6100
                                                  Fax: 904-598-6300